THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH DOWDELL, Defendant-Appellant.

First District (1st Division)    No. 79-1540

Opinion filed May 27, 1980.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Joan S. Cherry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

After a bench trial, defendant Kenneth Dowdell was found guilty of the murder of Wilbert Mack. He was sentenced to serve 20 years in the Illinois Department of Corrections. Defendant appeals.

On appeal, defendant argues that his conviction must be reduced to voluntary manslaughter since the homicide was the result of a sudden and intense passion provoked by mutual combat.

We affirm.

The evidence indicates that on August 5, 1976, defendant and the deceased engaged in a fist fight on the playground of the Doolittle School, located in Chicago. The fight was precipitated when the deceased allegedly approached defendant and inquired about some money defendant owed him. When the defendant stated that he did not have the money, the deceased slapped him in the face. As the scuffle ensued, the deceased's brother, one of several spectators, handed him a baseball bat. The deceased swung the bat at defendant, but did not strike him. The fight continued for approximately one hour before one of the spectators broke it up.

The fight was soon resumed behind a nearby housing project. Rebecca Mitchell, an eyewitness to this second fight, lived on the fifth floor of one of the buildings. She testified that crowd noise attracted her to an open window in her apartment. As she looked down, she saw defendant and the deceased fighting. She also saw 10 to 15 spectators standing around them.

She testified that she saw defendant punch the deceased in the chest and stomach. The deceased did not throw any punches, but rather, was in a defensive posture, bent at the waist and holding his arms across his chest. She saw the defendant knee the deceased three or four times in the

chin. After about ten minutes someone in the crowd intervened and stopped the fight.

The deceased then walked over to a nearby park bench and sat down. He was immediately followed by defendant who grabbed him by the collar and began punching at his face. When defendant finally released the deceased's collar, the deceased walked into the nearby door of Miss Mitchell's apartment building. She testified that she then saw defendant pick up a brick and follow the deceased into the building. It was approximately 2 p.m.

Another resident of the building testified that she heard a commotion in the building. She looked into the hallway and saw the deceased staggering and holding his head. She asked who had injured him, to which he replied "Peanut." The defendant was known as Peanut in the neighborhood. The deceased continued, "If he only hadn't hit me with the brick." He died a short time later due to the injuries to his head.

Defendant was tried for murder and convicted after a bench trial. He was sentenced to 20 years in the Illinois Department of Corrections. He appeals and argues that the blow to the deceased's head was the result of intense passion since it was inflicted only seconds after the deceased's retreat from the fight. As a consequence, defendant argues that he could only have been found guilty of voluntary manslaughter. He thus urges this court to reduce his murder conviction to that offense.

■■ We believe there is more than ample evidence to support defendant's murder conviction. It is well established that not all altercations between individuals provide sufficient provocation to reduce a conviction for murder to one of voluntary manslaughter. The issue is one to be determined by the trier of fact. (*People v. Tibbs* (1978), 57 Ill. App. 3d 1007, 373 N.E.2d 624; *People v. Foster* (1976), 43 Ill. App. 3d 490, 356 N.E.2d 1288.) However, where the provocation is slight and the retaliation is disproportionately great, the crime is murder. *People v. Matthews* (1974), 21 Ill. App. 3d 249, 314 N.E.2d 15.

■■■ In the instant case the evidence reveals that the deceased probably provoked defendant when he slapped him in the face. The deceased also swung a baseball bat at defendant, although no contact was made. These, however, were apparently the last aggressive overtures made by the deceased. Defendant, the larger of the two men, then quite clearly became the aggressor. It was defendant who continued to beat the deceased mercilessly long after it became apparent that the deceased had succumbed and would no longer defend himself. Despite two attempts to retreat by the deceased, defendant pursued him and continued the assault. Mutual combat had ended when the deceased attempted to retreat (*People v. Yates* (1978), 65 Ill. App. 3d 319, 382 N.E.2d 505), yet defendant continued, even to the point of picking up a brick and

following the deceased into the apartment building. Under these facts, we believe there was more than sufficient evidence to support the trial court's conclusion that defendant's retaliation far exceeded the provocation, thus warranting a conviction for murder. As noted in *People v. Matthews* (1974), 21 Ill. App. 3d 249, 314 N.E.2d 15, the issue was not whether defendant acted out of anger, but whether there existed such provocation as would have caused intense passion in an ordinary person under the same circumstances. Here such provocation did not exist.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.